UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RANDALL PERRITT** | **CIVIL ACTION NO. 3:14-cv-0643** |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| **OUACHITA PARISH** | |
| **CORRECTIONS CENTER** | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se petitioner Randall Perritt filed the instant petition for habeas corpus pursuant to 28 U.S.C. §2241 on March 25, 2014.  Petitioner is a detainee in the custody of the Ouachita Parish Sheriff; he is awaiting trial on misdemeanor charges of criminal trespassing and theft by shoplifting filed by the West Monroe Police Department on March 10, 2014. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

*Statement of the Case*

Petitioner was arrested by the West Monroe Police Department on March 10, 2014, and booked into the Ouachita Parish Corrections Center on charges of shoplifting and trespassing. Presumably these misdemeanor charges are pending in the City Court of West Monroe. Petitioner signed his petition on March 22, 2014; it was filed on March 25, 2014. Petitioner claims that he is denied access to the courts and bail and that he is actually innocent of the charges. He seeks a hearing and his "discharge" from custody. [Doc. 1]

In a supplemental petition filed on April 9, 2014, he acknowledged that he is a pretrial

detainee; however, he also asserts the dubious claim that he appealed to the Second Circuit Court of Appeals and that his appeal was denied for lack of jurisdiction. He also claimed to have sought review in the Louisiana Supreme Court but his pleadings were not accepted on March 28, 2014. [Doc. 4] According to the available evidence petitioner is charged with trespass and shoplifting and his bond has been set at $5,200.[1]

*Law and Analysis*

*1. Exhaustion Requirement*

Petitioner is a pre-trial detainee challenging pending Louisiana state court criminal prosecutions. His *habeas* petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

---

[1] See Ouachita Correctional Center Bookings, Inmate Summary – Perritt, Randall Ray at http://www.opso.net/bookings/

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).  In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to  *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention.  *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner admits that he has not exhausted State court remedies; however, he suggests that such remedies are unavailable. This claim is dubious at best. He claims that the Court he initially applied to for assistance was unaware of the fact of his incarceration; he further claimed that his attempts to obtain some form of appellate review were rejected by the Second Circuit Court of Appeals and the Louisiana Supreme Court. However, he provided no evidence to support these claims. Further, his claim that bond was denied appears to be erroneous.

It is clear that petitioner has not exhausted State court remedies. He is not entitled to proceed herein until and unless he can establish either exhaustion or the absence of any State corrective process. His failure to seek relief in the appropriate manner in the appropriate forum does not establish either. Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[2] A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

---

[2] Should petitioner object to this Report and Recommendation, he should provide evidence to establish his claim that State court remedies are unavailable.

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, April 28, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE